NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS R. PETERSON, M.D. PC,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY d/b/a CIGNA HEALTH CARE, PHX, WINE LIQUOR AND DISTILLERY WORKERS LOCAL 1-D, MAJOR MEDICAL PLAN, and MAGNA CARE,<br><br>Defendants. | Civil Action No: 18-4764-SDW-LDW<br><br>**OPINION**<br><br>July 25, 2018 |

**WIGENTON**, District Judge.

Before this Court are Plaintiff Thomas R. Peterson, M.D. PC's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447(c), Defendant Zelis Claims Integrity Inc.'s ("Zelis")[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and Cigna Health and Life Insurance Company's ("Cigna") Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED** and Cigna and Zelis' Motions to Dismiss are **DISMISSED** as moot.

---

[1] Zelis was formerly known as Premiere Healthcare Exchange Inc. d/b/a PHX. (Def. Zelis' Opp'n Br. at 1, ECF No. 17.) For the purposes of this opinion, this Court will refer to PHX as Zelis.

1

I.  BACKGROUND AND PROCEDURAL HISTORY

This action concerns outstanding payments for surgical services that Plaintiff provided to its patient Olga Mendoza ("Patient"). (Compl. ¶¶ 10, 20, ECF No. 1.) According to the Complaint, Patient had medical coverage through Defendant Wine, Liquor and Distillery Workers Union, Local 1-D Major Medical Plan ("Workers Union") at all relevant times. (*Id*. ¶ 7.) Plaintiff alleges that on April 28, 2016, it received authorization to perform Patient's procedure. (*Id*. ¶ 9.) After performing surgery on Patient, Plaintiff submitted a bill in the amount of $222,539.00 to Cigna, the administrator of Workers Union's insurance plan at the time. (*Id*. ¶¶ 8, 10-11.) Cigna then engaged Zelis, a cost-management company, to submit a settlement proposal to Plaintiff. (*Id.* ¶¶ 3, 12.) On July 11, 2016, Plaintiff's office manager signed a settlement agreement whereby Plaintiff accepted a reduced amount of $140,000.00 in consideration for "receiv[ing] payment within 15-20 working days" from the date Zelis received the agreement. (*Id.* ¶¶ 13, 15; *see also* Settlement Proposal, ECF No. 1 at 15-16.) Sometime thereafter, Defendant Magna Care ("Magna Care") replaced Cigna as the administrator of Workers Union's insurance plan. (Compl. ¶ 17.) Plaintiff alleges that upon Magna Care's advice, Workers Union reneged on the settlement agreement, and only issued payment in the amount of $21,079.10. (*Id.* ¶¶ 18-19.)

On or about February 22, 2018, Plaintiff filed suit against Defendants Cigna, Zelis, Workers Union, and Magna Care in the Superior Court of New Jersey, Law Division, Bergen County, seeking the remaining balance of the agreed upon settlement. (*See generally id*.) Plaintiff's four-count Complaint asserts two claims for breach of contract, as well as claims for promissory estoppel, and interference with contractual relations. (*Id.*) On March 29, 2018, Workers Union removed the action to this Court pursuant to 28 U.S.C. § 1446. (Notice of Removal, ECF No. 1.) On April 9, 2018, Plaintiff filed a Motion to Remand. (ECF No. 13.) The

following defendants filed opposition: Workers Union opposed on April 17, 2018; Zelis opposed on April 23, 2018; and Cigna opposed on May 15, 2018. (ECF Nos. 15, 17, 33.) Plaintiff replied on April 30, 2018, and again on May 18, 2018. (ECF Nos. 24, 34.) While Plaintiff's Motion to Remand was pending, on April 23, 2018, Zelis filed a Motion to Dismiss. (ECF No. 20.) Plaintiff opposed on April 30, 2018, and Zelis replied on May 9, 2018. (ECF Nos. 23, 30.) Cigna also filed a Motion to Dismiss on May 2, 2018. (ECF No. 26.) Plaintiff opposed on May 10, 2018, and Cigna replied on June 11, 2018.[2] (ECF Nos. 31, 37.)

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (concerning federal question jurisdiction). A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983), *superseded by statute*, 28 U.S.C. § 1441; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different states[.]" 28 U.S.C. § 1332(a) (concerning diversity jurisdiction).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," a removed action must be remanded. 28 U.S.C. § 1447(c). Removal statutes are

---

[2] This Court notes that Plaintiff filed informal letter briefs without leave of court to support its Motion to Remand and to oppose the Motions to Dismiss. Parties must adhere to the Local Civil Rules when filing motions and briefs. *See* L. Civ. R. 7.2. Plaintiff is advised that its future submissions may be stricken should it fail to comply with the formatting requirements set forth in the Local Civil Rules.

"strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (citations omitted); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004) (citations omitted). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

### III. DISCUSSION

Generally, a plaintiff "may avoid federal jurisdiction" when the complaint exclusively relies on state law. *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995) (quoting *Caterpillar*, 482 U.S. at 392). In certain limited cases, however, federal question jurisdiction exists over state-law claims where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). One such limited circumstance exists if the action "falls within the narrow class of cases to which the doctrine of 'complete pre-emption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)). "[C]omplete pre-emption recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)); *see also Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *4 (D.N.J. Sept. 11, 2017).

The Employee Retirement Income Security Act of 1974's ("ERISA") "civil enforcement mechanism, § 502(a), 'is one of those provisions with such extraordinary pre-emptive power that

it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,' and permits removal." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 303 (3d Cir. 2014) (quoting *Davila*, 542 U.S. at 209); *see also Garrick Cox MD LLC v. Cigna Healthcare*, No. 16-4611, 2016 WL 6877778, at *2 (D.N.J. Oct. 28, 2016), *report and recommendation adopted by* 2016 WL 6877740 (D.N.J. Nov. 21, 2016) (remanding case to state court). Under § 502(a), a claim is completely pre-empted and removable only if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *N.J. Carpenters*, 760 F.3d at 303 (citing *Pascack Valley Hosp.*, 388 F.3d at 400). Some decisions have

> further disaggregated the first prong . . . into two inquiries:
>
> 1(a) Whether the plaintiff is the *type* of party that can bring a claim pursuant to Section 502(a)(1)(B), and
>
> 1(b) whether the *actual claim* that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to Section 502(a)(1)(B).

*Progressive*, 2017 WL 4011203, at *5 (citations omitted). This two-part analysis, commonly referred to as the *Pascack* test, is "conjunctive, [and] a state-law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303 (citation omitted).

The first prong of the *Pascack* test requires this Court to determine not only whether Plaintiff has standing to bring a claim under § 502(a)(1)(B), but also whether Plaintiff's claim is a colorable claim for benefits. As to the first question, § 502(a) permits claims brought by a "participant" or "beneficiary."[3] 29 U.S.C. § 1132(a)(1)-(4). Additionally, courts have held that

---

[3] Although the statute allows claims by other entities such as the Secretary of Labor or individual States, those categories are inapplicable here. *See* 29 U.S.C. § 1132(a)(1)-(11).

"when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). In the instant matter, Plaintiff alleges that it is entitled to payment pursuant to a settlement agreement, not an assignment. (*See* Compl. ¶¶ 13, 19-20.) Although the Health Insurance Claim Form ("HICF") that Plaintiff submitted to Cigna suggests that Patient executed an assignment, Plaintiff's principal, Thomas R. Peterson, M.D. ("Dr. Peterson") has submitted an affidavit averring facts to the contrary.[4] Specifically, Dr. Peterson states: "We do not accept assignment and we have none with the [P]atient[.]" (Peterson Aff. ¶¶ 1-3, ECF No. 34.) He further attests that the notations on the HICF are "administrative[,] not an acceptance of benefits." (*Id.* ¶ 3.) In light of Dr. Peterson's affidavit, this Court will not assume that an assignment exists based on the HICF alone. Accordingly, Defendant has not met its burden of establishing that Plaintiff has standing to sue for payment under § 502(a).[5]

Even if Plaintiff had standing, its claims are not the type permissible under § 502(a). A participant or beneficiary may sue "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Plaintiff is not challenging the type, scope or provision of benefits due under the Workers Union's insurance plan, but rather the amount that was paid.

---

[4] "[W]hen removal is based on preemption, the court may look beyond the face of the complaint to determine whether the plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Elite Orthopedic & Sports Med. PA v. Aetna Ins. Co.*, No. 14-6175, 2015 WL 5770474, at *3 (D.N.J. Sept. 30, 2015) (internal quotation marks omitted) (citing *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)). Thus, in deciding the Motion to Remand, this Court will consider the HICF and Dr. Peterson's affidavit. It is noted that box 13 of the HICF indicates "SIGNATURE ON FILE" below the statement: "INSURED'S OR AUTHORIZED PERSON'S SIGNATURE[.] I authorize payment of medical benefits to the undersigned physician or supplier for services described below." (HICF, Kaye Aff. Ex. C., ECF No. 13.) Additionally, box 27 is checked "YES" below the question: "ACCEPT ASSIGNMENT?" (*Id.*)

[5] Without evidence of an assignment, there is a "grave doubt that Plaintiff would have standing to sue under ERISA," and "[s]uch doubt augers in favor of remand." *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 07-4812, 2008 WL 4371754, at *4 (D.N.J. Sept. 18, 2008).

ERISA does not pre-empt disputes over the amount of reimbursement. *See, e.g., Pascack Valley*, 388 F.3d at 403-04; *Cardonet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-78 (3d Cir. 2014) (noting that claims "seeking *coverage* under a benefit plan, and claims seeking *reimbursement* for coverage provided" are different and that the latter is not pre-empted by ERISA); *Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404, 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014) (holding that ERISA does not "preempt claims over the *amount* of coverage provided, which includes disputes over reimbursement"). Because Plaintiff does not have standing to bring a colorable claim for benefits under § 502(a), there is no need to address the second prong of the *Pascack* test. Based on the foregoing, remand is appropriate in this matter.[6]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED** and Defendants' Motions to Dismiss are **DISMISSED** as moot.[7] An appropriate order follows.

                                                     /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
            Parties

---

[6] This Court declines to reach Cigna and Zelis' argument that Plaintiff fraudulently joined Zelis, a New Jersey corporation, solely to destroy diversity between the parties. Whether Plaintiff can maintain a cause of action against Zelis is a question that can be litigated and decided on remand.

[7] This Court takes no position as to the ultimate sustainability of Plaintiff's claims as that is a determination that can only be made by a court with subject matter jurisdiction over the Complaint.